Sandra L. STANLEY, Plaintiff,

v.

Wanda H. COBB, Defendant.

No. Civ. 3–85–942.

United States District Court,
E.D. Tennessee, N.D.

Jan. 7, 1986.

Robert J. English, Knoxville, Tenn., for plaintiff.

Robert E. Dunphy, Jack M. Tallent, II, Knoxville, Tenn., for defendant.

MEMORANDUM

JARVIS, District Judge.

This case arises out of personal injuries sustained as the result of a rear-end collision which occurred on or about December 23, 1984, in Knoxville, Tennessee. This matter is presently before the Court on motion of Robert E. Dunphy ["Dunphy"], attorney of record for Wanda H. Cobb ["Cobb"], to withdraw as counsel of record for Cobb, along with the lawfirm of Morton, Lewis, King & Krieg. Dunphy has

been retained by American International Group ["American"] pursuant to a contract of insurance between American and the defendant. The applicable policy limits in this case for American are $15,000.[1] The underinsured motorist carrier, Nationwide Mutual Insurance Company ["Nationwide"] has filed a response to Dunphy's motion.

The basis for Dunphy's motion is that he has paid the policy limits for American of $15,000 to the Clerk of this Court[2] and, thus, having tendered the full limits of the policy, Dunphy requests this Court to allow him to withdraw from further defense of this matter pursuant to American's request.

The pertinent language of the insurance contract between American and Cobb is set forth in Part A, Liability Coverage, in which it is provided as follows:

> We will pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted.

The above language clearly indicates that the contractual duty of the insuror to the insured is to settle or defend, as they consider appropriate, any claim or suit asking for damages against the insured. No other options are set forth and the policy clearly limits the choices to: (1) defense of the insured or (2) to settlement of the claims. However, the contract does further provide that the duty to settle or defend ends when the limit of liability for the coverage has been exhausted. In view of the stated two options, this Court is of the opinion that the limit of liability may not be exhausted in a manner other than that specified by the policy, *i.e.*, to either settle or defend.

This Court's view of the language of this insurance policy appears to be supported by Professor Appleman, who has concluded as follows:

> Following the 1966–1972 policy revisions, generally, once the primary insuror exhausts its policy limits either by way of settlement or payment of judgment, *and not by payment into court*, it has no further duty to defend, and the costs of further defense lie with the excess insurer.

*Appleman Insurance Law and Practice,* (Berdal ed.) § 4691, pp. 274–75 (1979) (emphasis in original).

Counsel for Nationwide also points out that the contract of insurance between American and Cobb might have been drafted in such a fashion as to permit the relief Dunphy now seeks from this Court. In support of that position, Nationwide cites the case of *Batdorf v. Transamerica Title Insurance Company,* 41 Wash.App. 254, 702 P.2d 1211 (1985), the reasoning of which this Court finds persuasive. In that case, the court interpreted a policy in which the company was obligated to defend the insured but which policy specifically reserved the option of either settling the claim or paying the amount of the policy in full. That court held, " '[T]he policy clearly gave Transamerica the *option* to settle adverse claims, pay its insured the policy limits or defend to judgment.' " *Id.,* 702 P.2d at 1213 (emphasis in original).

---

**1.** Although the declarations sheet [Doc. 6, Attachment] reflects that the limits of $10,000 per person and $20,000 per accident are applicable, a statutory change in the year that the accident took place raised the policy limits to $15,000 per person and $30,000 per accident. *See, Tennessee Code Annotated* § 55–12–102(1)(A)(i)(b).

**2.** A suit based upon the same facts has been previously filed and is pending in the Circuit Court for Knox County, Tennessee, in the case styled *Sandra L. Stanley, et al. v. Wanda H. Cobb,* Docket No. 1–291–85. The $15,000 was originally paid to the Clerk for the Circuit Court for Knox County and, by Order dated December 6, 1985, the Clerk for the Circuit Court for Knox County paid to the Clerk for the United States District Court for the Eastern District of Tennessee, Northern Division, the $15,000 previously paid to it on behalf of the defendant by American.

Unlike the policy in *Batdorf*, there are no provisions in American's policy in this case which give the insuror the right to avoid the obligation of defense by paying into court any definite sum of money. In the absence of a clause specifically granting the insuror that option, the contract of insurance in the case *sub judice* must be interpreted by its plain meaning, and any ambiguity must be resolved against the drafter of the contract. *See, Webb v. Insurance Company of North America,* 581 F.Supp. 244 (D.C.Tenn.1984). Thus, Dunphy's motion must be denied.

Order accordingly.